**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-276 |
| | § | |
| CARL ECKMAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the court is the United States' motion for partial summary judgment (docket entry #9). Having considered the United States' motion and the Defendant's response thereto (docket entry #11), the court finds that the motion is well taken and should be granted.

### I.  Background

The undisputed facts of this case are as follows:

1. The Defendant failed to file a federal income tax return for tax year 1991;

2. The Internal Revenue Service ("IRS") prepared a substitute return for tax year 1991 under I.R.C. § 6020(b);

3. On January 18, 1996, the IRS issued a Notice of Deficiency to the Defendant for tax year 1991, proposing a tax deficiency of $164,247, a penalty under I.R.C. § 6651(a) of $38,315 and a penalty under I.R.C. § 6654 of $8,746;

4. The Defendant did not file a petition in the United States Tax Court seeking a redetermination of the proposed deficiency within 90 days after the Notice of Deficiency was issued;

5. A delegate from the Secretary of the Treasury assessed a tax deficiency of $164,247 against the Defendant on July 8, 1996;

6. On July 3, 2006, the United States filed a complaint to reduce to judgment the federal income tax assessments against the Defendant for certain tax years, including tax year 1991;

7. On September 26, 2006, the Defendant filed an answer, attaching an unsigned and undated copy of an income tax return for tax year 1991; and

8. On December 13, 2006, the Defendant filed a first amended answer, asserting that the statute of limitations on collections of the Defendant's 1991 federal income tax liabilities had expired on April 17, 2006.

## II. Legal Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.

1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. Discussion and Analysis

The limited question before the court is whether, pursuant to 26 U.S.C. § 6502, the statute of limitations for collection of the Defendant's federal income tax liabilities for tax year 1991 expired prior to the United States filing suit. The Defendant argues in the affirmative. According to the Defendant, pursuant to 26 U.S.C. § 6213(a), the IRS was prohibited from making any assessment or conducting any collection actions until 90 days after the Notice of Deficiency had been issued. Since the Defendant did not file a petition with the Tax Court during the above-referenced 90 day period, the Defendant argues that the IRS was required to assess the deficiency, which was alleged in the January 18, 1996 Notice of Deficiency, by April 18, 1996. 26 U.S.C. § 6213(c) ("If the taxpayer does not file a petition with the Tax Court within the time prescribed in section (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary."). However, according to the Defendant, 26 U.S.C. § 6503(a)(1) further suspends the running of the limitations period for an additional 60 days. Accordingly, the Defendant contends that the IRS was required to assess the deficient taxes by June 17, 1996. Since the IRS did not assess the deficient taxes until July 8, 1996, the Defendant argues that the IRS failed to timely issue an assessment and then subsequently permitted the ten year

collection statute to expire. 26 U.S.C. § 6502(a)(1) ("Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun within 10 years after the assessment of the tax, . . . .").

The United States argues to the contrary. Relying solely on statutory authority, the United States contends that because the Defendant failed to file a tax return, the IRS was authorized to assess the deficiency at any time. 26 U.S.C. § 6501(c)(3) ("In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."). Therefore, according to the United States, since the IRS was authorized to assess the deficiency at any time, the deficiency was timely assessed on July 8, 1996 and the collection action was timely filed in this court within the 10 year statutory period on July 3, 2006.

Interestingly, the Defendant regards the United States' argument as "bogus". Fifth Circuit precedent, however, supports the United States' position. According to *Martinez v. Commissioner of Internal Revenue*,

> . . . the Tax Court correctly determined that no statute of limitations applied to this case. The Internal Revenue Code provides that, if a taxpayer fails to file a return, an assessment proceeding may be brought at any time. I.R.C. § 6501(c)(3) (1999). Therefore, in this situation, the statute of limitations in an enforcement action remains open indefinitely.

198 F.3d 242, 1999 WL 824549, *3 (5th Cir. 1999), citing *Woolf v. United States*, 578 F.2d 1103, 1105 (5th Cir. 1978); *Lucia v. United States*, 474 F.2d 565, 570 (5th Cir. 1973). In light of Fifth Circuit precedent, the court concludes as a matter of law that collection of the Defendant's federal

income tax liabilities for tax year 1991 is not barred by the applicable statute of limitations.[1]

### IV.  Conclusion

Based on the foregoing, the United States' motion for partial summary judgment (docket entry #9) is hereby **GRANTED**.

**SIGNED this the 1st day of May, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] The Defendant referenced three cases in support of his position.  Notably, however, the taxpayers in the three referenced cases, unlike the Defendant herein, filed tax returns.  As such, the authority cited by the Defendant is not applicable to the facts of this case.